UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAMON GONZALEZ,

    Appellant,

v.

WELLS FARGO BANK, N.A., et al.,

    Appellees.

Case No. 13-cv-02210-JST

**ORDER AFFIRMING BANKRUPTCY COURT'S JUDGMENT DENYING MOTION TO EXTEND TIME**

Re: ECF No. 6

Before the Court is Appellant Ramon Gonzalez's appeal brought pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure as a result of the Bankruptcy Court's denial of Appellant's motion to extend time for failure to timely file the notice of appeal within the period of time required by Bankruptcy Rule 8002(a). The Court will affirm the judgment of the Bankruptcy Court.

**I.  BACKGROUND**

    **A.  Procedural Background**

The Bankruptcy Court issued an order of dismissal, dismissing Appellant's adversary proceeding against Wells Fargo, on January 18, 2013. ECF No. 31, No. 12–04148 (Bankr. N.D. Cal. Jan. 18, 2013). Appellant filed a notice of appeal on February 3, 2013, 16 days later. ECF No. 34 (Bankr.).

On February 22, 2013, Appellant moved the Bankruptcy Court for a finding that his appeal was timely filed, or, in the alternative, for a two-day extension of time to file his notice of appeal pursuant to Bankruptcy Rule 8002(c). ECF No. 39 (Bankr.). The Bankruptcy Court held a hearing on the motion on March 25, 2013. The court issued its oral ruling denying the motion on April 5, 2013, ECF No. 48, followed by a written order on April 11, 2013, ECF No. 49 (Bankr.). Appellant

filed a notice of appeal of that order on April 24, 2013. ECF No. 53 (Bankr.).

B. **Jurisdiction**

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

C. **Standard of Review**

In District Court, as in the Court of Appeals, "[t]he bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed *de novo*." In re JTS Corp., 617 F.3d 1102, 1109 (9th Cir. 2010) (quoting In re Strand, 375 F.3d 854, 857 (9th Cir. 2004)). "Mixed questions of law and fact are reviewed *de novo*." In re JTS Corp., 617 F.3d at 1109 (quoting In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998)).

The Court reviews for abuse of discretion a bankruptcy court's decision to grant or deny a motion for an extension of time to file a claim on the grounds of excusable neglect. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 398 (1993); Marx v. Loral, 87 F.3d 1049, 1053 (9th Cir. 1996). The Bankruptcy Court's judgment must be affirmed "unless we are left with the definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached after weighing the relevant factors." Pincay v. Andrews, 389 F.3d 853, 858 (9th Cir. 2003) (citation omitted). "A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." In re Warrick, 278 B.R. 182, 184 (B.A.P. 9th Cir. 2002).

II. **Analysis**

A. **Application of Local Bankruptcy Rules 9013-3 & 9022-1**

Appellant contends that the Bankruptcy Court's application of the Local Rules for the Bankruptcy Court for the Northern District of California was inconsistent with the Federal Rules of Bankruptcy Procedure. Specifically, Appellant argues that the Bankruptcy Court erred in interpreting the terms "electronic notice" and "electronic service" in the local rules, and in failing to distinguish these terms from the date the Bankruptcy Court's judgment was *effectively* entered. Appellant argues that the date that notice was effectively served is the date the notice was mailed.

Local Rule 9013-3(c) provides that "transmission of the Notification of Electronic Filing by the Clerk to a Registered Participant who has consented to electronic service shall constitute

effective service . . . ." Local Rule 9022-1(b) provides:

> Upon the entry of each order or judgment on the Court docket, the Notice of Electronic Filing shall constitute notice of entry of judgments and orders by the Court upon all Registered Participants who have consented to electronic service through the Court's ECF Procedures. A paper copy of the order or judgment will be served by the Court on all parties . . . . The date the order of judgment was entered will be reflected on the copy served, which will constitute notice of entry of the order or judgment on non-registered or non-consenting parties.

"Local rules are 'laws of the United States.' " Marshall v. Gates, 44 F.3d 722, 724 (9th Cir.1995) (quoting United States v. Hvass, 355 U.S. 570, 575, 78 S. Ct. 501, 2 L. Ed. 2d 496 (1958)). But where a local rule conflicts with a federal rule, the local rule is not enforceable. Pradier v. Elespuru, 641 F.2d 808, 810 (9th Cir. 1981). This Court is "under an obligation to construe local rules so that they do not conflict with the federal rules . . . ." Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995).

Here, the Bankruptcy Court did not apply the local rules in a matter inconsistent with the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court issued its order of dismissal in Appellant's proceeding on January 18, 2013 by electronic filing. Pursuant to Local Rules 9013-3(c) and 9022-1(b), January 18 accordingly is the date that establishes "effective service" and "constitute[s] notice of entry of judgment." This Court concludes that the Bankruptcy Court applied the local rules properly. As applied by the Bankruptcy Court, the local rules do not conflict with Federal Rule of Bankruptcy Proccedure Rule 8002(c); instead they clarify the date in which judgment is considered to be entered.

To the extent Appellant argues that the *effective* date on which the court entered judgment is the date on which notice was mailed, the argument lacks merit. Neither the Federal Rules of Bankruptcy Procedure nor the Federal Rules of Civil Procedure suggest that the date that notice was *served* is exclusively limited to the date that notice is *mailed*. To the contrary, Rule 5(b) of the Federal Rules of Civil Procedure provides that service may be provided "by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served . . .." Fed. R. Civ. P. 5(b)(2)(E); see also Fed. R. Bankr. P. 7005 (providing that Rule 5(b) of the Federal Rules

3

of Civil Procedure "applies in adversary proceedings"). Appellant does not argue that he did not receive notice electronically, and neither does he dispute that he gave consent to receive notice electronically. The certification of notice relating to the Bankruptcy Court's dismissal of Appellant's proceeding indicates that Appellant's Counsel received notice via email on January 18, 2013. Appendix on Appeal ("AA") 332, ECF No. 7-2, Exh. 17. Significantly, the Certification of Notice indicates that no party received notice through mail. Id. at 331. This suggests that Appellant did in fact rely on the electronic filing of the notice to construe the Bankruptcy Court's date of judgment.

Accordingly, Appellant fails to establish that the Bankruptcy Court clearly erred as a matter of law in applying the Bankruptcy Local Rules.

### B. Motion to Extend Time

Bankruptcy Rule 8002(a) provides: "The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Rule 8002(c) allows the bankruptcy judge to extend the time for filing a notice of appeal by any party. However, "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr.P. 8002(c)(2).

Here, Appellant filed a notice of appeal on February 3, 2013, 16 days after the Bankruptcy Court dismissed Appellant's proceeding. Accordingly, Appellant timely filed his request to extend the time for filing an appeal pursuant to Rule 8002(c)(2). The question on appeal is whether the Bankruptcy Court abused its discretion in denying Appellant's motion to extend time on grounds of excusable neglect.

In order to determine whether neglect was excusable, a bankruptcy court must consider the following factors: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (2003).

Appellant argues that the Bankruptcy Court erred in its consideration of the Pioneer factors. Specifically, Appellant argues that the Bankruptcy Court relied disproportionately on the third factor – reason for the delay – in concluding that excusable neglect was not established, even though the other three factors weighed in favor of Appellant. In support of his argument, Appellant relies on Bateman v. United States Postal Service, 231 F.3d 1220 (9th Cir. 2000). In Bateman, the Ninth Circuit criticized the district court's consideration of only the "valid reason" factor, without any discussion of the other three Pioneer factors. Id. at 1224.

At the hearing on April 5, 2013, the Bankruptcy Court concluded that Appellant's misreading of the certification of notice was not a sufficient reason to establish excusable neglect. The Bankruptcy Court stated:

> It is necessary to review the Court's docket to determine whether this error is excusable. The docket clearly states that the order was entered on January 18, 2013. This information is readily available without opening of any of the documents on the docket. When the order itself is opened and reviewed, the upper right corner of the order is stamped with the Court's electronic signature and an additional stamp stating the entry on the Court's docket. This order was served electronically to Plaintiff's counsel on January 18, 2013. The service information accompanying the order states that the order was filed and entered on January 18th. On January 20th, the certificate of notice from [the Bankruptcy Noticing Center] was filed electronically, generating electronic service on Plaintiff's counsel. The pleading served states on Page 1 that it is a certificate of notice. On Page 2, it states counsel was provided notice electronically on January 18th, and beginning on Pate 3 attaches a copy of the order . . . . In short, counsel misread the certificate of notice and did not verify his interpretation of the entry date with the Court's docket.

Transcript of April 5 Proceedings, 7:23-8:17, ECF No. 7-2, Exh. 17. The Bankruptcy Court held that although the first, third, and fourth factors weighed in favor of establishing excusable neglect, Appellant's failure to satisfy the third factor warranted denial of Appellant's motion to extend time to file an appeal. Id. at 8:24-9:3.

The Bankruptcy Court did not abuse its discretion. The Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Discount Co., 495 U.S. 56, 61 (1982) (per curiam)). "[T]he courts of appeals routinely and uniformly dismiss untimely

5

1  appeals for lack of jurisdiction." Id. at 210.  Accordingly, the Bankruptcy Court was well within
2  its discretion in refusing to find excusable neglect.
3       Appellant seems to argue that excusable neglect was demonstrated because three of the
4  four factors weighed in his favor.  While courts certainly should consider all of the Pioneer factors
5  in finding whether excusable neglect is established, Pioneer contemplates a balancing test in which
6  no one factor is determinative.  Pincay, 389 F.3d at 860 (Berzon, J., concurring).  Moreover, "the
7  decision whether to grant or deny an extension of time to file a notice of appeal should be
8  entrusted to the discretion of the district court [or bankruptcy court] because the [] court is in a
9  better position than we are to evaluate factors such as whether the lawyer had otherwise been
10 diligent, the propensity of the other side to capitalize on petty mistakes, the quality of
11 representation of the lawyers . . ., and the likelihood of injustice if the appeal was not allowed."
12 Id.
13      Appellant's reliance on Bateman is misplaced.  In Bateman, the court stated that "[w]e
14 would not ordinarily reverse a court simply for failing to articulate the [Pioneer] test, as long as it
15 actually engaged in the equitable analysis . . . .  However, it does not appear the district court did so
16 here." 231 F.3d at 1224.  The court concluded that the district court had abused its discretion
17 because its analysis considered only three of the four Pioneer factors.  Id.  "The court would have
18 been within its discretion if it spelled out the equitable test and then concluded that [the plaintiff]
19 had failed to present any evidence relevant to the four factors.  But it abused its discretion by
20 omitting the correct legal standard altogether." Id.  Here, the Bankruptcy Court did in fact
21 consider all four of the factors, before ultimately concluding that Appellant's failure to satisfy the
22 third factor outweighed the other three factors.
23      The Bankruptcy Court did not abuse its discretion in denying the motion to extend the time
24 to appeal.
25 / / /
26 / / /
27 / / /
28 / / /

## V. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order is AFFIRMED.

**IT IS SO ORDERED.**

Dated: January 9, 2014

_____
JON S. TIGAR
United States District Judge